**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CR-37-HAB |
| | ) | |
| DAVID HUESTON | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant, David Hueston's ("Hueston" or "Defendant") request for compassionate release under 18 U.S.C. §3582(c)(1)(a) and his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the sentencing commission's recently enacted retroactive Amendment 821. (ECF No. 93). With respect to his motion under §3582(c)(2) under this Court's General Order 2023-32 ¶5, the Court is obligated on its own motion to conduct an initial review of pro se motions for reduction of sentence based upon the retroactive application of the 821 Amendment within thirty (30) days of its filing to determine if the Federal Community Defendant (FCD) should be appointed. Having reviewed the Defendant's filing, the record and the legal authorities, the Court DECLINES to appoint the FCD and denies the Defendant's Motion for Sentencing Reduction under 3582(c)(2). Defendant's separate request for compassionate release under §3582(c)(1)(a) remains under advisement pending completion of the briefing schedule set forth herein.

**I.    Background Facts**

Defendant pleaded guilty pursuant to a conditional plea agreement to all counts of a three-count indictment. Count 1 charged possession with intent to distribute 50 grams or more of methamphetamine. Count 2 charged felon in possession of a firearm and Count 3 charged possession of a firearm in furtherance of a drug trafficking crime. The United States Probation

Office prepared a presentence investigation report. (ECF No. 60). Defendant's total offense level was determined to be 33. (*Id*. at ¶52). That included an enhancement to level 36 under U.S.S.G. § 4B1.4(b)(1) for being an armed career criminal. (*Id.* at ¶49). His criminal history category was VI based on a total criminal history score of 18, including two points for committing the offense while under a criminal justice sentence. (*Id*. at ¶118). But, even if his criminal history score had been lower, his armed career criminal status raised his criminal history category to VI. Defendant received a sentence of 240 months' imprisonment with 5 years' supervised release to follow.

Since Defendant was sentenced, the United States Sentencing Commission passed Amendment 821. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. !

## II.    Legal Analysis

A motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified. Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range," U.S. SENT'G COMM'N, GUIDELINES MANUAL §1B1.10(b)(2)(A), p.s. (NOV. 2023) ("USSG."). Nor can the reduced term of imprisonment be less than the term of imprisonment the defendant has already served. USSG §1B1.10(b)(2)(C), p.s. The policy statement makes exceptions for a defendant that has provided substantial assistance and cases involving mandatory minimum sentences. USSG §§1B1.10(b)(2)(B) and 1B1.10(c), p.s.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who

have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a). The commentary to §1B1.10 requires the court to consider two additional factors: public safety and post-sentencing conduct. USSG §1B1.10 comment (n.1(B)(ii) and (iii)).

Defendant's motion invokes Part A, which permits a reduction in status points under certain circumstances. Defendant did receive two status points (ECF No. 60 at ¶117) so, given his criminal history score of 18, he would be eligible for a one-point reduction.

But that doesn't do Defendant any good. First, he would still have a criminal history score of 17, which is still criminal history category VI. But more importantly, his criminal history category is not driven by his score, but by his status as an armed career criminal. The status points, then, did not affect his criminal history category, so removing them could not change his sentencing range. Defendant is not eligible for relief under Part A. The Court DECLINES to refer this matter to the FCD and DENIES the Defendant's motion. (ECF No. 93).

With respect to his request for compassionate release under §3582(c)(1)(a), the Government is DIRECTED to file a response within 14 days of this Order. Hueston may file a reply 10 days after the Government's response is filed.

## III.    CONCLUSION

The Defendant's request for relief under §3582(c)(2) based on Amendment 821 contained in ECF No. 93 is DENIED; the alternative request for compassionate release contained in ECF No. 93 remains under advisement. The parties are to adhere to the briefing schedule herein.

SO ORDERED on June 14, 2024.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT