UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:21-CR-37-HAB<br>1:25-CV-01-HAB |
| DAVID HUESTON | |

**OPINION AND ORDER**

This matter is before the Court on Defendant, David Hueston's, Motion to Recuse [ECF No. 113] wherein he seeks the reassignment of his case to a different judge for review.[1] In the Motion, Defendant argues that the undersigned made an adverse ruling related to his Motion to Suppress and Request for a *Franks* Hearing "out of bias, and deep-seated favoritism" that violated his right to due process *Id.*

Defendant brings this motion pursuant to 28 U.S.C. § 455. Under § 455(a), a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." The statute also provides a number of circumstances in which a judge shall disqualify themself, for example, where he or she is related to a party, has a financial interest in the outcome, has a personal bias or prejudice concerning a party, or has personal knowledge regarding evidentiary facts concerning the proceedings. *Id*. In *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635 (7th Cir. 2002), the Seventh Circuit explained that an accusation of bias alone will not suffice:

> Any bias must be proven by compelling evidence, and the issue is whether "a reasonable person would be convinced the judge was biased." *Lac du Flambeau Indians v. Stop Treaty Abuse–Wis., Inc.,* 991 F.2d 1249, 1255 (7th Cir.1993) (citations omitted). The bias or prejudice "must be grounded in some personal animus or malice that the judge harbors ... of a kind that a fair-minded person could

---

[1] Defendant has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 [ECF No. 110], which remains pending in this Court. This Opinion and Order will be filed in both the criminal and civil case dockets.

> not entirely set aside when judging certain persons or causes." *United States v. Balistrieri,* 779 F.2d 1191, 1201 (7th Cir.1985). "Judicial rulings alone almost never constitute a valid basis" for a recusal motion. *Liteky v. United States,* 510 U.S. 540, 555 (1994). Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge," unless the remarks "reveal an opinion that derives from an extrajudicial source." *Id.* The evidence must reflect a "deep-seated favoritism or antagonism as would make fair judgment impossible." *Id.* Likewise, "a judge's ordinary efforts at courtroom administration—even a stern and short tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 556.

*Id.* at 640 (internal citations modified).

Here Defendant has not submitted any evidence in support of his assertions of bias let alone specific instances of impartiality. *See Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) ("The factual allegations must fairly support the charge of bias or impartiality and must be specific."). Instead, Defendant relies entirely on the fact that the undersigned denied his motion to suppress – a ruling that was affirmed on appeal by the Seventh Circuit Court of Appeals, *United States v. Hueston,* 90 F.4th 897 – to establish bias. Defendant has not demonstrated the existence of any of the statutory factors for disqualification nor would a reasonable person be convinced that the denial of the motion to suppress was grounded in some sort of personal animus or bias against the Defendant. Thus, Defendant has failed to establish a basis for recusal under 28 U.S.C. § 455(a).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Recusal [ECF No. 113].

SO ORDERED on January 6, 2025.

                                            s/ *Holly A. Brady*
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT