UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:21-CR-37-HAB |
| | 1:25-CV-01-HAB |
| DAVID HUESTON | |

**OPINION AND ORDER**

Petitioner David Hueston has a pending petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. Petitioner has also filed two requests to appoint counsel and a Motion to Reconsider the Court's Order denying his motion to recuse [ECF Nos. 112, 119, 120]. All requests will be denied.

Counsel first. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In § 2255 actions, the appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). At this stage, no discovery or evidentiary hearing is required in the instant case and Petitioner has failed to demonstrate that justice requires the appointment of counsel. Accordingly, at present, Petitioner's request for appointment of counsel (ECF Nos. 112, 119) are DENIED.

Next, Petitioner argues that the Court should reconsider its Opinion and Order denying his motion for recusal. (ECF No. 115). In its Opinion and Order, this Court found no basis under 28 U.S.C. § 455 for recusal. Petitioner objects arguing that he made a sufficient showing of bias and impartiality. As evidenced by this Court's original decision, there is simply no legal or factual

basis of bias or impartiality that would require the undersigned to recuse herself. The Court is aware that Petitioner disagrees with the Court's ruling in his case. But a disagreement with the Court's rulings does not translate into bias. Petitioner's recourse when there is a disagreement with the Court's orders is to appeal, not seek to remove the judicial officer from his case. Indeed, Petitioner's disagreements with the Court's ruling on his Motion to Suppress were reviewed on appeal and affirmed. The Motion to Reconsider the denial of the Motion for Recusal is DENIED. (ECF No. 120).

## CONCLUSION

For the reasons above, the Petitioner's requests for the appointment of counsel (ECF Nos. 112, 119) and his request to reconsider the recusal order in this case (ECF No. 120) are DENIED.

SO ORDERED on February 11, 2025.

       s/ *Holly A. Brady*
       CHIEF JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT